The next case this morning is 5 23 12 71 people versus ram arguing for the appellant is Stephen Richards arguing for the affilee is Sharon Shanahan. Each side will have 10 minutes for their argument. The appellant also have five minutes for rebuttal. Please note only the clerk of the court is permitted to record these proceedings today. Morning council. Good morning. Your honor. Appellant. If you are ready to see, you may do so. Thank you, your honor. Um, your honor, I'm going to only deal with the first issue in my brief, the issue of the constitutionality of section 7.4. Um, are you be, can you hear me adequately? Yes. Okay. Um, and I apologize about my background. I was not able to master the technical issue. We understand, but, um, I represent Jeremy Ram who was convicted of domestic battery and sentenced to 20 years at 85%. Now the issue with 7.4 is that we believe that there's a constitutional defect which makes the statute facially unconstitutional. And I emphasize this because the, uh, state argues that my client has no standing to challenge the constitutionality of 7.4. However, if as we maintain 7.4 is constant, is facially unconstitutional, not just as applied to him or to someone who is seeking to introduce non propensity evidence, then of course he has standing because 7.4 evidence was admitted in this case. Our can be admitted, not be admitted as long as the statute is facially unconstitutional because on its face, it does not allow rebuttal non propensity evidence. Now the state maintains, and that deals with that really takes care of the standing argument. If we're correct as to this, that is facially unconstitutional, he does have standing. If we're incorrect then, and it's facially constitutional, um, then, um, then obviously there's no issue of standing whatsoever. Now, the key part of 7.4, which makes it unconstitutional is that unlike 7.3, which expressly provides that evidence to rebut, um, the 7.4 evidence or inferences therefrom, such as the inference of a violent, in this case propensity, may be admitted. That section is in 7.3 as a sexual propensity. It's not in 7.4. It was admitted. And it seems to me that the state's argument as the legislative history underlines the point. The legislatures were seeking to extend 7.3 to violent domestic cases. Um, they believe they were similar enough to sexually sexual cases that the same logic should apply. But even though they obviously modeled 7.4 after 7.3, they left out the rebuttal language. That clause was admitted. And there's no explanation in the legislative history as to why that was done. One can only assume it was done because the legislatures or the legislature did not want to allow defendants to introduce rebuttal, non-propensity evidence. And the state does not argue with the proposition that such evidence is constitutionally required to be admitted based upon all the cases I've cited, which are basically cases that say where that certain forms of defense evidence cannot be constitutionally, um, taken out. Now, the state maintains that if Mr. Ram had asked to introduce non-propensity evidence, um, the judge would have, or might have allowed that. Well, first of all, there's no evidence of that. The judge just said she would have allowed evidence of acquittals or she would have allowed cross-examination, which of course she did. But there's two forms of rebuttal evidence. One form is to just say your 7.4 evidence isn't true. It's false. Your witnesses are lying. I'm actually innocent of these charges. That's one form of rebuttal. But the other form of rebuttal, which 7.3 provides for is you're allowed to argue with the inference. If the state says you have a propensity for violence, you're allowed to put in evidence of a non propensity for violence, including specific instances or expert testimony or whatever you want to do. Now, with respect to, um, that sort of evidence, there's no indication the judge would have allowed it, but she couldn't possibly have allowed it because it's not admissible under the common law. It's not admissible under the Illinois rules of evidence, and it's not admissible under 7.4. To make 7.4 unconstitutional, you have to put in language which is missing. And I would submit that that is beyond the power of a court to do. That's a matter for the legislature. Now, I am in an awkward position because this statute has been ruled constitutional by the Illinois Supreme Court. So it's up to your honor to determine whether those rulings are definitive and preclude my argument here. I don't think so. I don't think so, because the specific defect that I am raising was no, in no way brought to the court's attention when it ruled that the statute was constitutional. So it's a facial challenge, which has not been raised before. As your honor knows, a facial challenge can be raised any time on post-conviction on direct appeal without raising it in the trial court. In this case, we did raise it in the trial court and it was rejected. So for all of those reasons, we believe that Mr. Ram's conviction should be reversed. He should be given a new trial. The statute should be held unconstitutional and the 7.4 evidence excluded. Mr. Richards, there's nothing in 7.4 that prohibits rebuttal evidence, is there? No, there's nothing that specifically prohibits it. But our contention would be without something allowing it, it can't come in because it's not admissible under the common law. It's not admissible. But in the trial, he did not even offer rebuttal evidence or make that suggestion to the court. So how does he have standing to complain now when he didn't even offer the attempt at trial? Because for the reasons I said earlier, because he's making a facial challenge, what we're saying is 7.4 is unconstitutional, period, on his face because it doesn't provide for defense evidence. So since 7.4 evidence was admitted and he certainly objected to the admission of the 7.4 evidence, he does have standing because our position is the 7.4 state evidence should have never come in, regardless of whether he offered rebuttal evidence or not. Thank you. Any questions? Go ahead. Yeah, no, if the court has further questions, I'm happy to answer them. Otherwise, reserve my remaining time for rebuttal. Justice Scheller, any questions? No questions. All right. You may be granted time for rebuttal. Applelee, you may proceed. Thank you, Your Honor. My name is Sharon Shanahan, and I represent the people of the state of Illinois. I'd like to touch on defendant's constitutionality argument that he just made to this court. First of all, in regard to your question, Justice Vaughn, of standing, you got to complain about something in order to have standing to complain about it later on. The cases that I cited in my brief about standing established that the general rule is courts will not consider the validity of a statutory provision unless the person challenging the provision is directly affected by it. Well, defendant never said a word about rebutting this argument, and I don't see that he has standing to argue it now. He did not ask for nor was he denied the right to rebut the proof or the inference, which is the very error of which he complains. To some extent, I would argue that the testimony of the defendant's son does attempt to rebut the inference from that defendant beats his wife's girlfriends, whatever. But as I said, my first thing is that he has no standing. I disagree with defendant in his argument that anybody can challenge what they claim to be a faulty constitutional provision. In any case, I don't see that this is in any way unconstitutional, certainly not under the standard in which this court has to review it. There is a presumption that the statute is constitutional, and this court, according to our Supreme Court, must construe the statute so as to affirm its constitutionality if reasonably possible. Now, defendant said that I did not agree with him. The state does not agree that the defendant has a right to rebut based on the cases he cited. I didn't dispute it, but I based that on the Illinois Constitution and the United States Constitution, not on any cases defendants cited. It's a constitutional right, and this court can assume that simply by omitting language which referred to a right that the defendant already had they were not taking away, not taking this gigantic leap of taking away a defendant's constitutional right to present evidence to rebut anything that's presented against him. So I just don't see that this, they took out a phrase. It was a phrase that wasn't necessary to begin with, and it certainly did not have any effect on this trial. The defendant, as again, as Justice Vaughn noted, there was nothing that prohibited the defendant from presenting this evidence if he wanted to at trial. He just didn't. So regardless of whether you decide this on standing or whether you take the second step to decide whether it's unconstitutional, I think it should be affirmed. I am prepared to and have time to address any of the defendant's other claims on appeal if you have any questions. Counselor, how do you respond to the defendant's argument that standing's irrelevant because this is a facial challenge, not an ethical one? It is my understanding, and I will tell you I'm a far cry from being a constitutional scholar, but it is my understanding that even under a facial challenge you still have to be affected by the statute in some way. All right, thank you. And counsel, remind me, the son testified, I'll be honest, I'm forgetting what all the son testified to. He testified to what was occurring in the home? Yes, he testified to the night in question. Again, it's been a while, but it is my recollection that he basically said he was home that night, the victim was there, his father was there, there was a baby involved in this. The baby was there. I believe he went to bed. He got up later and went into the living room and I think he said the victim was getting ready to leave with the baby and he got a glass of water and he went back to bed and he didn't hear any, you know, sounds that you would anticipate hearing. And my recollection is there was a quote, perhaps, and I don't want to misquote it, but there was normal fighting or normal arguing, if I recall. I can't answer that question. It just goes to your point, I think. I'm just trying to recall the record and if it goes to your point about rebutting. Certainly, there was a normal pattern of arguing in this house that was, I think most of us would agree, more than normal. And you would indicate, I think you said earlier, that perhaps his testimony could have gone to rebutting the propensity testimony. Is that correct? Yes, Your Honor. Okay, thank you. Any further questions, Justice Vaughn? No other questions, thank you. Have you concluded, State? Your Honor, I have no more, nothing else, unless you have any questions. All right, thank you. Pellitt, you may present your rebuttal. Yes, I would just, I think my point has been made, and I don't think it has to be overemphasized, but I would just respond to one thing. The, basically, the State's position is they admitted this language from the second statute, 7.4, even though it was in 7.3, because it was unnecessary, because after all, a defendant has a constitutional right to present rebuttal evidence, where you can't have a sauce for the goose, but not sauce for the gander. But I think there's two problems with that argument. First of all, the phrase was in 7.3, and 7.3 was being looked at at the time that they were drafting 7.4, obviously. I mean, it's virtually word for word, except for the change from sexual misconduct to domestic violence. So, given the omission of the language, I don't think it's a reasonable construction of the statute to add the language in now. They omitted it, even though it was in the parallel statute. So, there's no way of reasonably construing the statute as constitutional. You have to add language. It's not a matter of simply saying that, and if that logic were true, every statute would be constitutional, because you could always infer that the legislature meant to comply with the constitution. But when the legislature takes an action here, which on its face violates the constitution, the statute is facially unconstitutional and must be struck down. Any final questions, Justice Schiller? No, thank you. Justice Long? No, thank you. All right. Thank you, counsel. We will take this matter under advisement and issue a ruling in due course.